**In the Matter of Philip R. DAWALT, Jr.**

**No. 27S00–0308–DI–385.**

Supreme Court of Indiana.

Sept. 20, 2004.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** A client hired respondent to handle a personal injury action for which respondent was to receive one third of the money recovered. The insurance company initially sent two checks, one for $9,500 for damages to the client's car and one for $227.76 for rental car expenses. The respondent forwarded these checks to his client without taking any fee. Ultimately, the client's personal injury claim was settled for $12,000. After deducting one-third from the gross recovery, the client should have been entitled to at least

$4,757.41 from the last check. The respondent however deposited the check in his trust account and forwarded no funds to the client. Shortly thereafter the balance of respondent's trust account fell below $4,750 and remained below that level almost consistently for two years. Respondent's trust account was not in an approved financial institution and respondent paid checks from the account to cash.

The client tried for over a year to contact respondent about the settlement but respondent did not respond to any of these effort. The client then hired an attorney who contacted respondent demanding an accounting. The respondent still did not respond. The client then filed suit against respondent, who replied with a general denial. Finally, upon being contacted by the Commission respondent settled the suit filed by the client for $25,000. However, in the settlement process the respondent attempted to have the client sign a document asking that no action be taken against respondent.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.15(a), which requires lawyers to hold client funds in trust; 3.1, by prohibits a lawyer from defending a proceeding by asserting or controverting an issue therein without a good faith basis for doing so that is not frivolous; 3.4, which prohibits a lawyers knowing disobedience of obligations to a tribunal; 8.4(b), which prohibits lawyers from engaging in criminal acts that reflect adversely on honesty, trustworthiness, and fitness as ` a lawyer in other respects; 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; Ind. Admission and Discipline Rule 23(29)(a)(1), which requires lawyers to maintain funds in a trust account at a financial institution approved by the Disciplinary Commission and Admis.Disc.R. 23(29)(a)(5), which requires lawyers to maintain ledgers of trust account transactions.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not less than eighteen (18) months, effective November 1, 2004, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Bruce C. Bade, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.

ENTERED: Sept. 20, 2004.

/s/ Randall T. Shepard
    Chief Justice of Indiana